IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**FANNORA GARDNER**                                                                                           **PLAINTIFF**

v.                                      **Case No. 3:16-cv-00082 KGB**

**PROASSURANCE INDEMNITY COMPANY, INC.**                                    **DEFENDANT**

**ORDER**

Before the Court is defendant ProAssurance Indemnity Company's ("ProAssurance") motion to dismiss plaintiff Fannora Gardner's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. No. 3). Ms. Gardner has responded in opposition to the motion to dismiss (Dkt. No. 9), and ProAssurance has replied (Dkt. No. 10). For the following reasons, the Court grants ProAssurance's motion to dismiss.

**I.      Background**

Ms. Gardner brings this medical malpractice action directly against ProAssurance, the insurer of St. Bernards Hospital, d/b/a St. Bernards Medical Center ("St. Bernards") (Dkt. No. 1). Ms. Gardner alleges that she sustained injuries during a 10-day period of admission to St. Bernards in January 2014 (Dkt. No. 1, ¶¶ 22-25). During that time, Ms. Gardner contends that the St. Bernards' nursing staff negligently failed to examine her skin, re-position her in the bed, and care for her heels despite signs of pressure ulcers (*Id.*, ¶¶ 24, 26). Ms. Gardner states that she developed severe pressure ulcers as a result of this negligent failure to monitor properly and treat her skin (*Id.*, ¶¶ 45-46). Ms. Gardner represents that these ulcers have caused severe physical and emotional harm (*Id.*, ¶¶ 46-47).

Ms. Gardner invokes this Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) (*Id.*, ¶ 6). Ms. Gardner is a citizen of Jonesboro, Arkansas; ProAssurance Indemnity

Company is an Alabama corporation with its principle place of business in Alabama (*Id.*, ¶¶ 2-3). ProAssurance is the insurer of St. Bernards, an Arkansas corporation with its principle place of business in Arkansas (Dkt. No. 3, ¶ 4). Ms. Gardner initially filed suit in this matter against St. Bernards in the Craighead County, Arkansas, Circuit Court (Dkt. No. 1, ¶ 4). In circuit court, St. Bernards moved to dismiss by asserting charitable immunity from any liability to Ms. Gardner and, on February 19, 2016, received a favorable ruling on its motion (Dkt. No. 1, ¶ 4).

Ms. Gardner thereafter voluntarily dismissed her claim and filed the instant suit pursuant to Ark. Code Ann. § 23-79-210, a state statute authorizing direct actions against the insurers of entities not subject to tort liability (Dkt. No. 1, ¶ 3). ProAssurance now moves to dismiss the action for lack of subject-matter jurisdiction (Dkt. No. 3). ProAssurance argues that § 1332(c)(1)(A), under which a liability insurer is a citizen of every state of which its insured is a citizen, makes ProAssurance an Arkansas citizen and precludes diversity of citizenship among the parties (Dkt No. 4, at 1).

**II.     Analysis**

    **A.     28 U.S.C. § 1332(c)**

If, at any time, it appears that the federal court does not have subject-matter jurisdiction, "the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 503, 514 (2006). 28 U.S.C. § 1332(a)(1) grants the district courts original jurisdiction to hear state law claims between citizens of different states. Subsection (c)(1) of the statute addresses in pertinent part the citizenship of corporations:

> For the purpose of this section and section 1441 of this title—a corporation shall be deemed a citizen of any State and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—

2

   (A) every State and foreign state of which the insured is a citizen;

   (B) every State and foreign state by which the insurer has been incorporated; and

   (C) the State or foreign state where the insurer has its principal place of business. . . .

28 U.S.C. § 1332(c)(1).

  In 1964, Congress amended § 1332(c) to promulgate citizenship determination rules in direct actions against insurers to which the insured is not a party. This amendment relieved the burden on federal district courts in states where direct action statutes had crowded the dockets with diversity cases. *See Hernandez v. Travelers Ins. Co*., 489 F.2d 722, 724 (5th Cir. 1974).

  In *Ferrara v. Aetna Casualty & Surety,* the United States District Court for the Western District of Arkansas deemed a defendant liability insurance company a citizen of Arkansas under § 1332(c)(1)(A) even though the company was incorporated in Connecticut and had its principle place of business outside of Arkansas. *Ferrara v. Aetna Cas. and Sur.,* 436 F. Supp. 929, 930 (W.D. Ark. 1977). The plaintiff in *Ferrara* argued that § 1332(c)'s direct action provision should not apply because she could not have brought her medical malpractice suit directly against the immune hospital. *Id.* The district court, however, found the statute "to be unambiguous and to be applicable regardless of whether the injured person could sue the insured." *Id.*; *see also Myers v. Northwestern Nat'l Ins. Co*., 534 F. Supp. 117, 117-18 (W.D. Ark. 1981) (holding that the insurance exception in § 1332(c)(1) applied in a suit against the insurer of a political subdivision of the State and dismissing the action *sua sponte* for lack of subject-matter jurisdiction). This case is persuasive authority for the Court.

  The United States Court of Appeals for the Fifth Circuit held similarly in a transportation employee's claim against his employer's worker's compensation insurer. *Hernandez*, 489 F.2d at 722, 724. In *Hernandez*, the suit was "still a direct action" even though a Texas law prevented

the employee from suing the employer directly. *Id.* at 724. The defendant insurance company in *Hernandez* argued that the 1964 amendment should be "read in light of its history, and that it should . . . be limited by the conditions which led to its adoption." (*Id.*). The court disagreed, reasoning, "[w]hatever may have been the specific evil prompting congressional action in 1964, Congress chose to remove all direct actions from the diversity jurisdiction." *Id.*

### B. Diversity Of Citizenship Under 28 U.S.C. § 1332(c)

ProAssurance argues that the Court must deem it a citizen of Arkansas because the insured party, St. Bernards, is a citizen of Arkansas (Dkt. No. 3, ¶ 4). Ms. Gardner contends that § 1332(c)'s direct action provision should not apply because St. Bernards' charitable immunity shields it from tort liability and Congress did not intend to remove diversity jurisdiction where the injured party cannot directly sue the allegedly negligent party (Dkt. No. 9, at 2). Therefore, Ms. Gardner urges this Court to apply only the general rules of § 1332(c) and deem ProAssurance a citizen of Alabama—its state of incorporation and its principle place of business (Dkt. No. 9, at 1). Ms. Gardner notes that she did not "manufacture diversity" by making a direct claim against the insurer (Dkt. No. 9, at 1). Ms. Gardner's response, however, fails to cite authority in support of the proposition that the invoking party's good faith should influence the citizenship analysis. As the statute is written, there are no exceptions. The district court's reasoning in *Ferrara* is persuasive; the direct action provision applies because the case conforms to the statute's plain meaning.

### III. Conclusion

Ms. Gardner has filed a direct action against a liability insurer in which the insured is not a party. Therefore, pursuant to § 1332(c)(1), ProAssurance is a citizen of Arkansas for the purposes of this case. Accordingly, this Court lacks subject-matter jurisdiction and therefore

grants ProAssurance's motion to dismiss (Dkt. No. 3). The Court dismisses this case without prejudice.

So ordered this the 4th day of October, 2016.

_____
Kristine G. Baker
United States District Judge